IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHEECKO GILBERT | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-2022-O-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Cheecko Gilbert, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A Hunt County jury convicted petitioner of aggravated assault with a deadly weapon and sentenced him to 40 years confinement. His conviction and sentence were affirmed on direct appeal. *Gilbert v. State*, No. 05-08-00482-CR, 2009 WL 369481 (Tex. App. -- Dallas, Feb. 17, 2009, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Gilbert*, WR-73,076-01 (Tex. Crim. App. May 11, 2011). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel; (2) the trial court abused its discretion by reopening the evidence after the state rested its case-in-chief; and (3) he is actually innocent.

A.

As best the court understands his ineffective assistance of counsel claim, petitioner appears to fault his attorney for: (1) failing to retain an expert to determine whether petitioner was competent to stand trial and to testify regarding his mental health; (2) allowing petitioner to testify despite his mental illness; (3) not objecting to certain testimony and evidence presented at trial; (4) failing to challenge the sufficiency of the indictment; (5) not calling an eyewitness to testify for the defense; and (6) failing to object to an all-Caucasian jury. Petitioner also claims that the cumulative effect of these errors deprived him of a fair trial.[1]

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication:

---

[1] In his reply brief, petitioner argues for the first time that he received ineffective assistance of counsel on state collateral review. The court need not consider a claim raised for the first time in a reply. *See Windham v. Quarterman*, No. 3-09-CV-0158-K, 2009 WL 2447508 at *3 n.2 (N.D. Tex. Aug. 7, 2009), *citing Duvall v. Dallas County*, No. 3-07-CV-0929-L, 2008 WL 4561563 at *5 (N.D. Tex. Oct. 10, 2008). To the extent petitioner complains about defects in the state habeas proceeding itself, such a claim is not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied sub nom. Rudd v. Cockrell*, 122 S.Ct. 477 (2001) (citing cases).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *aff'd*, 2011 WL 1812764 (5th Cir. May 12, 2011), *cert. denied*, 2012 WL 117609 (U.S. Jan. 17, 2012). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002); *see also Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual

conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

2.

In two related arguments, petitioner contends that his attorney was ineffective for failing to retain a psychiatrist to determine whether he was competent to stand trial and to testify regarding his mental health, and by allowing petitioner to testify despite his mental illness. On state collateral review, the judge who presided over the trial found that petitioner showed no signs of mental illness to his attorney or the court, and that defense counsel adequately investigated the case by, *inter alia*, inquiring into petitioner's mental health. *See Ex Parte Gilbert*, WR-73,076-01, Supp. Tr. at 8, ¶¶ 8-9 & 10, ¶¶ 3-6. That finding was based on the affidavit of Frederick Shelton, the attorney who represented petitioner at trial. According to Shelton:

> Mr. Gilbert was rational and responsive to questions and advice as we discussed his case on numerous occasions. At no time did Mr. Gilbert appear irrational or raise a physiatrical [sic] claim as to competence to stand trial or to insanity at the time of the commission of the alleged offence . . . Mr. Gilbert was actively involved in his case and shown [sic] no signed [sic] of mental illnesses. He was lucid and able to articulate to answer all questions put to him.

*Id.*, Supp. Tr. at 5-6. This court is bound by the state court findings unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez*, 274 F.3d at 948 n.11 (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Here, petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut the finding that Shelton presented an adequate defense and investigated petitioner's mental health. The conclusory assertion that Shelton should have requested a competency evaluation, offered expert testimony about petitioner's mental illness, and prevented petitioner from testifying at trial does not merit habeas relief. *See, e.g. Miniel v. Cockrell*, 339 F.3d 331, 345 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1413 (2004) ("[C]ounsel is not constitutionally ineffective for insufficiently investigating a defendant's mental or psychological condition when there is nothing to put counsel on notice that such a condition exists."); *Saunders v. Cockrell*, No. 3-02-CV-0229-D, 2002 WL 31156719 at *7 (N.D. Tex. Sept. 24, 2002), *citing Cannon v. Johnson*, 134 F.3d 683, 687 (5th Cir. 1998) (counsel not ineffective for failing to request psychiatric examination or investigate insanity defense where petitioner insisted that he did not commit the offense).

3.

Petitioner also complains that his attorney failed to object to testimony and evidence regarding the victim's injuries, and did not present expert testimony challenging the severity of those injuries. In his affidavit, Shelton explained:

> I had reviewed the medical records on numerous occasions with Mr. Gilbert so as to explain to him the seriousness of the incident, even that it was a life-threatening incident. The scar and medical records speak for themselves. The jury understood that length of the scar was due to the surgery and heard testimony as to the appearance of the wound by the police office[r].

*Ex Parte Gilbert*, WR-73,076-01, Supp. Tr. at 5. To prove aggravated assault under Texas law, the state must present evidence that petitioner caused serious bodily injury to another, or used or exhibited a deadly weapon during the commission of an assault. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) & (2) (Vernon 2005). Thus, counsel had no basis for objecting to testimony and evidence showing the severity of the victim's injuries. Petitioner's subjective belief that the victim's stab wound was "non life threatening," and that his attorney should have challenged or refuted the severity of the stab wound, does not merit habeas relief. *See Mendoza v. Dretke*, No. 3-05-CV-0042-M, 2005 WL 1124513 at *4 (N.D. Tex. May 11, 2005), *rec. adopted*, 2005 WL 1639330 (N.D. Tex. Jul. 13, 2005) (citing cases) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient).

4.

Next, petitioner argues that defense counsel should have objected to the sufficiency of the indictment because it failed to track the language of the statute by alleging that petitioner acted "recklessly," and charged the offense in the conjunctive rather than the disjunctive. In Texas, an indictment is valid if it sets forth the essential elements of the offense and provides the defendant with sufficient notice to allow him to prepare a defense. *See Cook v. State*, 902 S.W.2d 471, 475-76 (Tex. Crim. App. 1995) (citing cases). Here, the indictment generally tracks the statutory language for aggravated assault by alleging that:

> On or about the 28th day of February, 2007, A.D., in the County and State aforesaid, and before the presentment of this indictment; Cheecko Gilbert did then and there intentionally and knowingly use a deadly weapon, namely: KNIFE, that in the manner of its use and intended use was capable of causing death and serious bodily injury and did then and there intentionally and knowingly cause bodily injury to VICTOR HUGO LIMAS, by stabbing him with a KNIFE.

(St. App. Tr. at 20). *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (Vernon 2005). It is not necessary for an indictment to allege *all* possible methods enumerated by statute for committing a crime, including the different culpable mental states, as long as the state is limited at trial to the methods actually alleged. *See Gollihar v. State*, 46 S.W.3d 243, 257-58 (Tex. Crim. App. 2001). Similarly, the jury may be charged in the disjunctive even when the indictment uses conjunctive language. *See Zanghetti v. State*, 618 S.W.2d 383, 387-88 (Tex. Crim. App. 1981). Counsel was not ineffective for failing to make these meritless objections. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make a meritless objection cannot be grounds for ineffective assistance of counsel).

5.

Petitioner contends that his attorney was ineffective for failing to call Gerald Patterson, an alleged eyewitness, to testify for the defense. "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). To prove that counsel was ineffective for failing to call a witness, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.* In support of this claim, petitioner relies on the affidavit of Gerald Deon Preston,[2] who states that the stabbing either was accidental or in self-defense. (*See* Pet. Not. of New Evid., Exh. 1). Not only was this affidavit never presented to the state habeas court, but there is no indication that Preston was available to testify at trial or would have done so. Without such evidence, petitioner is not entitled to habeas relief. *See*

---

[2] The court assumes that Preston is the same person previously identified as Gerald Patterson.

*Lyon v. Thaler*, No. 3-10-CV-0899-B-BD, 2011 WL 3647910 at *5 (N.D. Tex. Jun. 3, 2011), *rec. adopted*, 2011 WL 3648088 (N.D. Tex. Aug. 16, 2011).

6.

Nor was defense counsel ineffective for failing to challenge the racial makeup of the venire panel or the petit jury. The Supreme Court has held that "venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 702, 42 L.Ed.2d 690 (1975). To establish a constitutional violation in this regard, petitioner must show that the underrepresentation is a result of a systematic effort to exclude a distinctive group. *See, e.g. Hearn v. Cockrell*, 73 Fed.Appx. 79 (Table), 2003 WL 21756441 at *6 (5th Cir. Jun. 23, 2003), *cert. denied*, 124 S.Ct. 579 (2003). "Defendants are not entitled to a jury, jury wheel, pool of names, panel, or venire of any particular composition, and there is no requirement that those bodies 'mirror the community and reflect the various distinctive groups in the population.'" *Id., quoting Taylor*, 95 S.Ct. at 702. Petitioner does not come close to showing that his attorney had any legitimate grounds for objecting to an all-Caucasian jury.

7.

Petitioner contends that the "the cumulative effect" of these errors resulted in his conviction and 40-year sentence. This argument implicates the cumulative error doctrine, which provides that "an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Munoz*, 150 F.3d 401, 418 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 887 (1999). Because petitioner has failed to establish that the performance of his attorney was deficient in any way or that he was prejudiced thereby, relief is not available under the cumulative error doctrine. *See Miller v.*

*Johnson*, 200 F.3d 274, 286 n.6 (5th Cir.), *cert. denied*, 121 S.Ct. 122 (2000) (petitioner who failed to demonstrate any error by trial counsel could not establish cumulative error).

B.

Petitioner also claims that the trial court abused its discretion by allowing the prosecution to call Detective Warren Mitchell as a witness after the state rested its case-in-chief. Through Mitchell, the state was able to introduce into evidence the knife used by petitioner to stab the victim. Although couched in due process terms, petitioner cites no federal authority to support his entitlement to habeas relief. Instead, this claim involves the misapplication state law,³ which is not cognizable in a federal habeas proceeding. *See Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir.), *cert. denied*, 120 S.Ct. 22 (1999), *quoting Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).

C.

Finally, petitioner contends that he is actually innocent. A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). There must also be evidence of an independent constitutional violation in the state criminal proceeding. *Id.* No such evidence exists here.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

³ Under Texas law, "[t]he court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX. CODE CRIM. PROC. ANN. art. 36.02 (Vernon 2007).

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 15, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE