IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHEECKO GILBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-cv-2022-O |
| | § | |
| RICK THALER, DIRECTOR TDCJ-CID, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation (ECF No. 16) in this case. Petitioner Cheecko Gilbert ("Gilbert") filed objections. *See generally* Pet'r's Objections, ECF No. 19. The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The Court finds that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are correct. Accordingly, Gilbert's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court.

In addition to specific objections to the findings, conclusions, and recommendations of the United States Magistrate Judge, Gilbert argues that this federal habeas corpus proceeding should be stayed and abated until the Texas state court rules on his Motion to Obtain Second Writ of Habeas Corpus. *See generally* Pet'r's Objections, ECF No. 19. Gilbert filed his second writ of habeas corpus in the 354th Judicial District Court of Hunt County, Texas, alleging that newly discovered

evidence has surfaced—namely, a notarized affidavit from an alleged eye-witness. *See generally* Pet'r's Mot. Obtain Second Writ, ECF No. 19-1.

District courts have the authority to issue stays "where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Congress' enactment of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "does not deprive district courts of that authority." *Id.* "[A] stay is proper only in 'limited circumstances' when the district court finds that: (1) there was good cause for the failure to exhaust the claim; (2) the claim is not plainly meritless; and (3) there is no indication that the failure was for purposes of delay." *Shelton v. Thaler*, No. H-09-0500, 2009 WL 3735435, at *13 (S.D. Tex. Nov. 4, 2009) (citing *Rhines*, 544 U.S. at 277). The Court has considered Gilbert's allegation of newly discovered evidence and finds that a stay in this case is not warranted because Gilbert has not shown that his claim has any merit.

The record shows that Gilbert first filed his application for a state writ of habeas corpus on October 12, 2009, claiming ineffective assistance of counsel. Gilbert subsequently filed his first, second, and third amended state writ applications adding allegations that (1) the trial court abused its discretion by reopening the evidence after the state rested its case-in-chief and (2) he is actually innocent. The Court of Criminal Appeals denied Gilbert's state writ application without written order. Gilbert then filed this action in federal court. While this action was pending, Gilbert filed his second state writ application alleging newly discovered evidence. Gilbert argues that on January 29, 2012, he received "previously unknown testimonies of an eye-witness" in the form of a notarized

affidavit executed by Gerald Deon Preston.[1] Pet'r's Objections 2, ECF No. 19. Gilbert argues that such testimony would have resulted in a different outcome of his case.

The Court finds, however, that this is not newly discovered evidence. Gilbert has previously argued that his attorney was ineffective on the basis that his attorney failed to call Mr. Preston to testify for the defense. Specifically, Gilbert argued that Mr. Preston's testimony would have corroborated Gilbert's assertion of self-defense. *See* Pet. Writ Habeas Corpus 10-11, ECF No. 2. As such, the Court finds that Gilbert's allegations surrounding his claim of newly discovered evidence are repetitive and have been previously considered. Accordingly, Gilbert cannot show that this claim is not plainly meritless.

Based on the foregoing, the Court hereby **DENIES** Petitioner's request to stay and abate this proceeding pending the outcome of his Motion to Obtain Second Writ of Habeas Corpus, filed in Texas state court.

**SO ORDERED** on this **27th** day of **September, 2012.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[1] The court notes that Mr. Preston has been interchangeably identified throughout this case as either Mr. Preston or Mr. Patterson.